

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

LIZA J. SOHN
*Assistant Corporation Counsel*
(212) 356-2354
Fax: (212) 356-3509
lsohn@law.nyc.gov

August 18, 2015

**BY EMAIL**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, New York 11201

Re: M.H., et al. v. City of New York, et al.,
15-CV-3009 (RRM)(VMS)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel and the attorney assigned to the defense of this case. I write to request a stay of the instant matter based on the pending IAB investigation into the underlying incident. During the pendency of the stay, defendants will provide monthly updates to the Court regarding the status of the investigation. Plaintiff's counsel, James Ross, Esq., opposes this request.

The reason for this request is that defendants have learned there is a pending Internal Affairs Bureau ("IAB") investigation into the underlying matter. In addition, upon information and belief, the Brooklyn District Attorneys' Office is also reviewing the matter. While it is premature to state with certainty when the IAB investigation will be complete, the statute of limitations for IAB to prosecute the matter runs on December 4, 2015. Therefore, it is expected that the investigation will be complete at or before that time.

As the open investigation may preclude the City's representation of Officer Bourne and/or Jon Gladstone in this case, and as the outcome of the investigation may be relevant to plaintiff's claims in the instant matter, defendants respectfully request a stay of the instant matter. Before this Office may assume representation of a police officer, it is required by General Municipal Law § 50-k to conduct an investigation into whether the officer is eligible for representation. See N.Y. GEN. MUN. LAW § 50(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). The outcome of an IAB investigation into an incident, such as the

pending investigation into this incident, will often significantly affect this Office's representation decision. Indeed, if this Office assumes representation of a police officer before the IAB investigation is complete, but it later turns out that the officer was ineligible for representation, the undersigned, and the entire Special Federal Litigation Division, may be conflicted off of the case. As such, a stay of these proceeding will save resources and reduce the risk that conflicts will arise later in the litigation.

Second, the IAB investigation will help streamline discovery in this matter. As an initial matter, production of the underlying IAB file ("File") may contain significant discovery materials. However, the File cannot be produced until IAB completes its investigation. Additionally, as part of its investigation the IAB identifies and interviews witnesses to the incident, including the involved police officer, the plaintiff, and any civilian witnesses. IAB also collects numerous documents related to the incident, including police reports, court documents, and medical files. Once the IAB investigation is complete[1] any relevant and non-privileged IAB documents and statements, including audio recordings, can be produced to the plaintiff, thereby providing an early window into the testimony of the involved individuals. As such, the work conducted by IAB will aid both parties in the litigation of this case and will streamline discovery.

Third, plaintiff will not be prejudiced by a temporary stay in this case. Once the IAB's investigation is completed, this will result in easing discovery, illuminating factual disputes, and allowing for an early attempt at settlement discussions.

Defendants thank the Court for its consideration of this request.

Respectfully yours,

\_\_/s_____
Liza Sohn
Assistant Corporation Counsel

cc: **BY ECF**
James F. Ross, Esq.
Ross & Hill
Attorney for Plaintiff

---

[1] It is important to note that the IAB materials cannot be disclosed until after the IAB investigation is complete pursuant to the deliberative process privilege. This is because the work conducted by IAB to date is "pre-decisional" and "deliberative." Tigue v. U.S. DOJ, 312 F.3d 70, 76-77 (2d Cir. 2002). Once the investigation is complete, however, much of the material gathered and prepared by IAB will no longer fall within the gambit of the deliberative process privilege, and any relevant and non-privileged materials can produced to plaintiff.