UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MH, Infant by his mother and
Natural guardian MARY HAMER and
MARY HAMER, Individually,

                          Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK CITY      **AMENDED**
POLICE DEPARTMENT, POLICE OFFICER        **VERIFIED COMPLAINT**
SEKOU A. BOURNE, and POLICE OFFICER
JON GLADSTONE,
                          Defendants.
------------------------------------------------------------------X

      Plaintiff herein, by his attorneys, Ross and Hill, complaining of the above-named defendants, alleges the following upon information and belief.

    1.    That plaintiff, MH is a citizen of the United States of America and is entitled to the full protection of the laws and the Constitution of the United States of America.

    2.    Defendant, The City of New York, is a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

    3.    The Police Department of The City of New York is an agency acting on behalf of The City of New York and engaged by The City of New York to perform police duties and to protect the health, welfare, property and safety of the residents of The City of New York.

    4.    That at all times herein mentioned defendant, The City of New York, its agents, servants and employees operated, maintained and controlled the Police Department including all the police officers thereof.

    5.    At all times herein mentioned, defendant, Police Officer Sekou A. Bourne, was a New York City Police officer, employed by defendant The City of New York.

6. At all times herein mentioned, defendant, Police Officer Jon Gladstone, was a New York City Police officer, employed by defendant The City of New York.

7. At all times herein mentioned, defendants, Police Officer Sekou A. Bourne and Police officer Jon Gladstone were acting within the scope of their employment as New York City Police officers.

8. This action arises under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988.

9. This Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections 1331 and 1338.

## AS AND FOR A FIRST CAUSE OF ACTION

10. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 9 of this complaint with the same force and effect as though fully set forth herein at length.

11. On June 4, 2014 at approximately 3:30 p.m. while in the vicinity of 480 Waverly Avenue, Kings County, City and State of New York, infant-plaintiff was beaten and battered by Police Officer Sekou A. Bourne. Police Officer Jon Gladstone aided Officer Bourne in committing the assault and battery.

12. Prior to being physically attacked, infant-plaintiff was placed in fear and for his well being by the actions of Officer Bourne and Officer Gladstone.

13. The conduct of defendants was intentional wanton, cruel, careless and reckless and evinced a depraved disregard for plaintiff and for plaintiff's rights.

14. As a result of the foregoing assault and battery, plaintiff sustained severe personal injuries.

15. As a result of the foregoing, plaintiff is entitled to compensatory damages in the amount of $50,000,000.00 and exemplary damages in the amount of $10,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 15 hereof with the same force and effect as though fully set forth herein at length.

17. After arresting plaintiff, police officers handcuffed plaintiff and restrained him and unlawfully detained plaintiff in police custody.

18. The unlawful detention of plaintiff by defendant, its agents, servants and/or employees, caused plaintiff pain, suffering, humiliation and personal injury.

19. As a result of the unlawful detention of plaintiff, plaintiff is entitled to compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 19 hereof with the same force and effect as though fully set forth herein at length.

21. After accosting plaintiff, Police Officer Bourne and Police Officer Gladstone proceeded to place plaintiff under arrest.

22. Said arrest was without reasonable or probable cause.

23. The false arrest of plaintiff caused said plaintiff pain, humiliation, personal injury and suffering.

24. As a result of the foregoing plaintiff has suffered compensatory damages in

the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24, and hereof with the same force and effect as though fully set forth herein at length.

26. That after falsely arresting plaintiff, plaintiff was brought to Brooklyn Hospital for treatment for his injuries. He was then taken to the 88th precinct where he was unlawfully imprisoned.

27. The false imprisonment of plaintiff caused said plaintiff personal injury, pain, humiliation and suffering.

28. As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28, and hereof with the same force and effect as though fully set forth herein at length.

30. The infant- plaintiff was then subjected to criminal prosecution.

31. Said prosecution was without any legal basis and constituted a malicious prosecution of plaintiff.

32. In committing all of the acts alleged hereinabove, Police officers Bourne and Gladstone were acting in the scope of their employment and as employees of New York Police Department and City of New York.

33. As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00.

## AS AND FOR A SIXTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs l through 33 of this complaint with the same force and effect as though fully set forth herein at length.

35. That the acts complained about hereinabove committed by Officers Bourne and Gladstone, including the imprisonment, detention, and prosecution of M.H. resulted from the negligence and carelessness of Officers Bourne and Gladstone.

36. As a result of the negligence of the individual defendants, plaintiff, M.H., sustained personal injuries.

37. The negligent actions of Officers Bourne and Gladstone were wanton and careless and evinced a complete disregard for the safety of M.H.

38. As a result of the foregoing plaintiff is entitled to compensatory damages in the amount of $15,000,000.00 and $7,500,000.00 in exemplary damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 hereof with the same force and effect as though fully set forth herein at length.

40. That at the time all of the above acts occurred, infant-plaintiff was entitled to all rights guaranteed to him under the United States Constitution and all amendments and thereto, including the right to be secure in his person; to be free of unreasonable search and seizure; not to be deprived of life, liberty or property without due process of law; not to be subject to cruel and

unusual punishment and not to be deprived of his right to equal protection.

41. It is alleged that all of the acts alleged hereinabove were violations of infant-plaintiff's civil rights as enumerated in the previous paragraph, under 42 United States Code, Sections 1981 and 1983.

42. As a result of the foregoing violation of plaintiff's civil rights, plaintiff sustained severe personal injuries.

43. As a result of the violation of plaintiff's civil rights, plaintiff has been damaged in the amount of seventy Million ($70,000,000.00) Dollars in compensatory damages and twenty Million ($20,000,000.00) Dollars in exemplary damages, and is entitled to an award of attorneys' fees and all other damages obtainable as a result of violation of infant-plaintiff's civil rights.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43 hereof with the same force and effect as though fully set forth herein at length.

45. The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials, with actual and apparent authority attendant thereto.

46. The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials, under color of law.

47. The acts complained of herein were carried out by the aforementioned defendant officers in their capacities as police officers and officials pursuant to the customs, policies, and practices, of the City of New York and the Police Department of the City of New

York, all under the supervision of ranking officers of said Department.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and Police Department of the City of New York include, but are not limited to, the following unconstitutional practices: fabricating evidence against innocent, erroneously arrested persons; arresting innocent persons; using excessive, unwarranted force against arrestees; jailing innocent arrestees; prosecuting innocent arrestees;

49. The foregoing customs and practices, procedures and rules of the City of New York and the Police Department of the City of New York constituted a deliberate indifference to the safety and, well-being and of the Constitutional Rights of the general public, and specifically of plaintiff herein.

50. The foregoing customs, policies and practices, procedures and rules of the City of New York and the Police Department of the City of New York were the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

51. The defendants, City of New York and New York City Police Department negligent hired Officer Sekou Bourne to be a New York City Police Officer.

52. Defendant City of New York City and New York City Police Department negligently hired Officer Jon Gladstone to be a New York City Police Officer.

53. Defendant City of New York failed to properly train Officer Sekou Bourne as a New York City Police Officer.

54. Defendant City of New York failed to properly train Officer Jon Gladstone as a New York City Police Officer.

55. Defendant City of New York and New York City Police Department by those employees with authority to discipline Officer Bourne or dismiss Officer Bourne from the

force, negligently failed to discipline and negligently retained Officer Sekou Bourne as a police officer despite having knowledge that defendant Sekou Bourne had failed to follow proper police procedures in numerous previous cases, had himself violated the law while on duty as a police officer, had been subject to numerous prior complaints regarding the performance of his job, and should have been disciplined and or dismissed from the police force prior to the incident involving M.H.

56. Defendant City of New York and New York City Police Department by those employees with authority to discipline Officer Bourne or dismiss Officer Bourne from the force, willfully refused to discipline and willfully retained Officer Sekou Bourne as a police officer despite having knowledge that defendant Sekou Bourne had failed to follow proper police procedures in numerous previous cases, had himself violated the law while on duty as a police officer, had been subject to numerous prior complaints regarding the performance of his job, and should have been disciplined and or dismissed from the police force prior to the incident involving M.H.

57. Defendant City of New York and New York City Police Department by those employees with authority to discipline Officer Gladstone or dismiss Officer Gladstone from the force, negligently failed to discipline and negligently retained Officer Jon Gladstone as a police officer despite having knowledge that defendant Jon Gladstone had failed to follow proper police procedures in numerous previous cases, had himself violated the law while on duty as a police officer, had been subject to numerous prior complaints regarding the performance of his job, and should have been disciplined and or dismissed from the police force prior to the incident involving M.H.

58. Defendant City of New York and New York City Police Department by

those employees with authority to discipline Officer Gladstone or dismiss Officer Gladstone from the force, willfully refused to discipline and willfully retained Officer Jon Gladstone as a police officer despite having knowledge that defendant Jon Gladstone had failed to follow proper police procedures in numerous previous cases, had himself violated the law while on duty as a police officer, had been subject to numerous prior complaints regarding the performance of his job, and should have been disciplined and or dismissed from the police force prior to the incident involving M.H.

59. Defendant City of New York and New York City Police Department by those employees with supervisory authority over Officer Sekou Bourne failed to adequately supervise Officer Sekou Bourne in the performance of his job and failed to direct the performance of his duties as a police officer in such a manner that Officer Sekon Borne would follow proper police procedures, would not violate the law and would not engage in improper and illegal conduct while on the job.

60. Defendant City of New York and New York City Police Department by those employees with supervising authority over Officer Jon Gladstone failed to adequately supervise Officer Jon Gladstone in the performance of his job and failed to direct the performance of his duties as a police officer in such a manner that Officer Jon Gladstone would follow proper police procedures, would not violate the law, would not engage in improper and illegal conduct while on the job.

61. The failure and refusal of defendants City of New York and New York City Police Department to properly train and supervise the individual defendants and other police officers and to discipline the individual defendants and other police officers for acts of police misconduct and the violations of the civil rights of the citizens of New York City, including MH,

and the retention of said officers by the City of New York and New York City Police Department constituted a violation of the civil rights of the citizens of New York City, including M.H..

62. As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $70,000,000.00 and award of attorneys fees and all other costs and fee arising from violations of plaintiff's civil rights.

### AS AND FOR A NINTH CAUSE OF ACTION

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs l through 62 of this complaint with the same force and effect as though fully set forth herein at length.

64. As a result of the culpable conduct of defendants as aforesaid, and as a result of the injuries sustained by the infant-plaintiff, the plaintiff Mary Hamer was deprived of and suffered the loss of the services and society of the infant-plaintiff.

65. As a result of the culpable conduct of defendants as aforesaid, and the injuries sustained by the infant-plaintiff, the plaintiff Mary Hamer, individually and as mother and natural guardian of the infant-plaintiff was caused to expend monies for the medical care of the infant-plaintiff.

66. As a consequence of the foregoing, plaintiff Mary Hamer, individually and as mother and natural guardian of the infant-plaintiff, has suffered damages in the amount of $5,000,000.00.

WHEREFORE, plaintiff, MH demands judgment against the defendants on all causes of action, on the first cause of action plaintiff is entitled to compensatory damages in the amount of $50,000,000.00 and exemplary damages in the amount of $10,000,000.00, on the second cause of action plaintiff is entitled to compensatory damages in the amount of

$5,000,000.00 and exemplary damages in the amount of $2,500,000.00, on the third cause of action plaintiff is entitled to compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00, on the fourth cause of action plaintiff is entitled to compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00, on the fifth cause of action plaintiff is entitled to compensatory damages in the amount of $5,000,000.00 and exemplary damages in the amount of $2,500,000.00, on the sixth cause of action plaintiff is entitled to $15,000,000.00 in compensatory damages and $7,500,000.00 in exemplary damages, on the seventh cause of action plaintiff is entitled to compensatory damages in the amount of $70,000,000.00, and $20,000,000.00 in exemplary damages; on the eighth cause of action plaintiff is entitled to compensatory damages in the amount of $70,000,000.00; and on the ninth cause of action plaintiff Mary Hamer is entitled to compensatory damages in the amount of $5,000,000.00 along with interest, costs, disbursements and attorneys' fees.

                                                    James Ross, Esq. of
ROSS AND HILL, ESQS.
Attorneys for Plaintiff
16 Court Street, 35th Floor
Brooklyn, New York 11241
718-855-2324
rossandhill@aol.com