UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MH, Infant by his mother and Natural guardian MARY HAMER and MARY HAMER, Individually

                        Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER SEKOU A. BOURNE, and POLICE OFFICER JON GLADSTONE,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND JON GLADSTONE**

**1:15-CV-03009-RRM-VMS**

**JURY TRIAL DEMANDED**

Defendants the City of New York ("City") and Jon Gladstone ("Gladstone"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Second Amended Verified Complaint ("Second Amended Complaint"), respectfully allege, upon information and belief, as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Second Amended Complaint.

      2.     In response to the allegations set forth in paragraph "2" of the Second Amended Complaint, admit only that the City is a municipal corporation existing under the laws of the State of New York.

      3.     In response to the allegations set forth in paragraph "3" of the Second Amended Complaint, admit only that the City maintains a Police Department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

4. In response to the allegations set forth in paragraph "4" of the Second Amended Complaint, admit only that the City maintains a Police Department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

5. Deny the allegations in paragraph "5" of the Complaint, except admit that plaintiffs' claim has not been adjusted or paid.

6. In response to the allegations set forth in paragraph "6" of the Second Amended Complaint, admit only that, on or about June 4, 2014, Sekou A. Bourne was employed by the New York City Police Department.

7. In response to the allegations set forth in paragraph "7" of the Second Amended Complaint, admit only that, on or about June 4, 2014, Gladstone was employed by the New York City Police Department.

8. Paragraph "8" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

9. Deny the allegations set forth in paragraph "9" of the Second Amended Complaint except admit that plaintiffs purport to bring this action as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Second Amended Complaint, except admit that plaintiffs purport to involve the Court's jurisdiction as stated therein.

11. In response to the allegations set forth in paragraph "11" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "9" inclusive of their Answer as if fully set forth herein.

12. Deny the allegations set forth in paragraph "12" of the Second Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Second Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Second Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Second Amended Complaint.

17. In response to the allegations set forth in paragraph "17" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" inclusive of their Answer as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit that plaintiff MH was lawfully arrested.

19. Deny the allegations set forth in paragraph "19" of the Second Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Second Amended Complaint.

21. In response to the allegations set forth in paragraph "21" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" inclusive of their Answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that plaintiff MH was lawfully arrested.

23. Deny the allegations set forth in paragraph "23" of the Second Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Second Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Second Amended Complaint.

26. In response to the allegations set forth in paragraph "26" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of their Answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that plaintiff MH was transported to Brooklyn Hospital following his lawful arrest.

28. Deny the allegations set forth in paragraph "28" of the Second Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Second Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "29" inclusive of their Answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Second Amended Complaint, except admit that plaintiff MH was charged with Attempted Tampering with Physical Evidence, Resisting Arrest and Unlawful Possession of Marijuana.

32. Deny the allegations set forth in paragraph "32" of the Second Amended Complaint.

33. Paragraph "33" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

34. Deny the allegations set forth in paragraph "34" of the Second Amended Complaint.

35. In response to the allegations set forth in paragraph "35" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "34" inclusive of their Answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Second Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Second Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Second Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Second Amended Complaint.

40. In response to the allegations set forth in paragraph "40" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "39" inclusive of their Answer as if fully set forth herein.

41. Paragraph "41" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

42. Paragraph "42" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

43. Deny the allegations set forth in paragraph "43" of the Second Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" inclusive of their Answer as if fully set forth herein.

46. Paragraph "46" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

47. Paragraph "47" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

48. Paragraph "48" of the Second Amended Complaint sets forth conclusions of law, rather than averments of fact, and, therefore, no response is required.

49. Deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Second Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Second Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Second Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Second Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Second Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Second Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Second Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Second Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Second Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Second Amended Complaint.

64. In response to the allegations set forth in paragraph "64" of the Second Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "63" inclusive of their Answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Second Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Second Amended Complaint.

67. Deny the allegations set forth in paragraph "67" of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69. Any injury alleged to have been sustained resulted from plaintiff MH's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City or Gladstone.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. Plaintiff MH provoked any incident.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

72.     There was probable cause for plaintiff MH's arrest, detention and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

73.     Defendants City and Gladstone have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing the protection of civil rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

74.     Defendant Gladstone has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

75.     Plaintiffs have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

76.     At all times relevant to the acts alleged in the Second Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

77.     This action may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

78. At all times relevant to the acts alleged in the Second Amended Complaint, defendant Gladstone acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

79. Defendant Gladstone had no personal involvement in the incidents alleged in the Second Amended Complaint

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

80. The New York City Police Department is a non-suable entity.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

81. Plaintiffs failed to mitigate their alleged damages.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

82. Plaintiffs' claims may be barred, in whole or in part, because plaintiffs has failed to comply with all conditions precedent to suit.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

83. Punitive damages cannot be awarded against the City of New York.

**WHEREFORE,** defendants City and Gladstone request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 28, 2016

    ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City and Gladstone*
100 Church Street
New York, New York 10007
(212) 356-2351
kthadani@law.nyc.gov

By: /s/ Kavin Thadani
Kavin Thadani
Senior Counsel
Special Federal Litigation Division

**BY ECF**
James Ross, Esq.
*Attorney for Plaintiffs*

11

Index No.  1:15-CV-03009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MH, Infant by his mother and Natural guardian MARY HAMER and MARY HAMER, Individually

         Plaintiffs,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER SEKOU A. BOURNE, and POLICE OFFICER JON GLADSTONE,

         Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND JON GLADSTONE**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City and Gladstone*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2016*

*................................................................... Esq.*

*Attorney for ...............................................................*